UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: Jason Stephen Carson Rhoads | Case No. | 09-50317 |
| Katie Marie Rhoads | Chapter | 7 |
| fka Katie Marie Fisher | | |
| Debtors. | | |

REAFFIRMATION AGREEMENT

**Name of Creditor:** BLACK HILLS FEDERAL CREDIT UNION

Part A:  Reaffirmation Disclosure Statement

**Before Agreeing to reaffirm a debt, review these important disclosures.**

SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED:**                                                $10,120.03

The **Amount Reaffirmed** includes the total amount of debt (principal and any accrued interest) you agree to reaffirm by entering into this agreement plus any related fees and costs that have accrued as of the date of this Reaffirmation Disclosure Statement:

| | |
|---|---|
| Total Amount of Debt | $10,120.03 |
| Total Fees and Costs | $_____ |
| **AMOUNT REAFFIRMED** | $10,120.03 |

This is the amount of debt you have agreed to reaffirm.  Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure.  Consult your credit agreement.

**ANNUAL PERCENTAGE RATE:**                            5.850%

RECEIVED/FILED
2009 SEP -2  A 8: 01
CLERK
U.S. BANKRUPTCY
DIST. OF SOUTH DAK.

**Security Interest of Lien in Goods or Property**

Your debt is secured by a security interest that has not been waived in whole or in part or determined to be void by a final order of the Bankruptcy Court as of the date of this Reaffirmation Disclosure Statement.

A Security interest or lien in the following goods or property is asserted over some or all of the debt(s) you are reaffirming:

| Item / Type | Original Amount of Loan |
|---|---|
| 2006 Pontiac Grand Prix NADA $11,575.00 | $14,579.00 |

**Repayment Schedule**

Your payment schedule will be: **98** (number) payments in the amount of **$116.00** each, payable **bi-weekly** (monthly, annually, weekly, etc.) beginning **8/26/09**, unless altered later by mutual agreement in writing.

## INSTRUCTIONS

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must sign the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must complete and sign Part E.

5. The original of this disclosure must be filed with the Bankruptcy Court you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. Because the creditor is a credit union (as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act), if you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the Bankruptcy Court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, the Bankruptcy Court must hold a hearing on the reaffirmation agreement. The Bankruptcy Court will notify you of the date and time of the hearing by an order setting hearing. <u>You must attend that hearing and answer any questions the Bankruptcy Judge may have regarding your reaffirmation agreement</u>. Your reaffirmation agreement will not be effective unless the Bankruptcy Court determines it is consistent with your best interests and enters an order approving it. A hearing will not be held and the Bankruptcy Court does not have to approve your reaffirmation agreement if it is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, such as your home.

NOTICE TO DEBTOR

**Your right to rescind (cancel) your reaffirmation agreement.** You may rescind (cancel) your reaffirmation agreement at any time before the Bankruptcy Court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the Bankruptcy Court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor in writing (*see* Local Bankruptcy Rule 4008-2) that your reaffirmation agreement is rescinded (or canceled).

**What are your obligations if you reaffirm the debt?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. You should only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the secured property if you do not pay the debt or of you default on the debt. If the lien is on an item of personal property that you claim exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**Note:** When this Reaffirmation Disclosure Statement refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't

have an attorney helping you, the Bankruptcy Judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## Part B:  Reaffirmation Agreement

We agree to reaffirm the debts arising under the credit agreement described below.

**Description of reaffirmation agreement**: Debtors agree to pay Black Hills Federal Credit Union (creditor) on the **Loan #152 – 2006 Grand Prix,** the principal of **$10,120.03** and interest at the rate of **5.850%** per year. Interest will begin to accrue on **8/15/09**. Debtors will make **98 bi-weekly** payments of **$116.00** for a total of **$11,270.51**. Debtors' first payment will be due on **8/26/09**. Debtors' last payment will be due on **7/10/13**.

**Description of any changes to the credit agreement made as part of this reaffirmation agreement.**


8-26-09
(Date)

_Jason Rhoads_
Jason Stephen Carson Rhoads
2311 Judy Ave
Rapid City SD 57702


8-26-09
(Date)

_Katie Rhoads_
Katie Marie Rhoads
2311 Judy Ave
Rapid City SD 57702


☐ Check this box if either Debtor's address is different than shown on the peititon.

**Accepted by creditor:**

8/14/09
(Date)

_Brenda Sterling_
Brenda Sterling
Black Hills Federal Credit Union
PO Box 1420
Rapid City  SD  57709
(605) 343-0891

## Part C:
## Certification by Debtor's Attorney (if any)

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the Debtor(s); and (2) I have fully advised the Debtor(s) of the legal effect and consequences of this agreement and any default under this agreement.

_____8-28-09_____   _____
(Date)                John H Mairose
                      2640 Jackson Blvd #3
                      Rapid City SD 57702
                      605-348-7836


## Part D:
## Debtor's Statement in Support of Reaffirmation Agreement

1. I (we) believe this reaffirmation agreement is in my (our) financial interest. I (we) can afford to make the payments on the reaffirmed debt.

2. I (we) received a copy of the Reaffirmation Disclosure Statement in Part A and a copy of the completed and signed reaffirmation agreement.

_____8-26-09_____   _____
(Date)                Jason Stephen Carson Rhoads
                      2311 Judy Ave
                      Rapid City SD 57702

_____8-26-09_____   _____
(Date)                Katie Marie Rhoads
                      2311 Judy Ave
                      Rapid City SD 57702